KOHN ET AL.
*vs.*
LOUISIANA
INS. COMPANY.

Let the rule be made absolute.

KOHN ET AL. *vs.* LOUISIANA INSURANCE COMPANY.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Suit was instituted for the whole amount due on a policy of insurance,
which the defendants had settled and paid, but done with the view to try
a feigned case, to see if they were not entitled to retain nine hundred
dollars, for brick taken from the old buildings to re-construct the new
houses: *Held*, that the court will not entertain or act on a feigned case
or suit, even with the consent of parties.

This is an action on a policy of insurance to recover the
sum of eighteen thousand dollars, for the loss of a block
of brick buildings, insured for this sum by the defendants,
and destroyed by fire.

The defendants admitted the insurance and loss, but
averred they had tendered and paid the amount lawfully due
and for which they were liable; and further state, that they
are entitled to recover nine hundred dollars for brick walls
and brick used in rebuilding.

It appeared in evidence from a receipt on the back of the
policy, that the plaintiffs had settled with the insurance office,
and had received the amount now claimed in cash and notes.
But it further appeared that the defendants claimed about
nine hundred dollars, for remnants of brick walls and brick
which the plaintiffs used in rebuilding their houses after being
paid for the entire loss.  The suit appeared to be a feigned
one.

The plaintiffs had judgment, and the defendants appealed.

*J. Slidell*, for the plaintiffs.

*H. Strawbridge*, for defendants.

EASTERN DIST.
*March*, 1840.

KOHN ET AL.
*vs.*
LOUISIANA
INS. COMPANY.

*Martin, J.*, delivered the opinion of the court.

The plaintiffs claim the sum of eighteen thousand dollars, on a policy of insurance on a block of brick buildings insured for that sum and destroyed by fire.

The defendants admitted the insurance and destruction of the buildings; but aver that they have paid the whole amount insured, which is more than they were bound to pay, because the remaining walls were worth nine hundred dollars, and the plaintiffs' loss was diminished that amount. The plaintiffs had judgment, and the defendants appealed.

We find in the record the plaintiffs' receipt to the defendants in full for the loss sustained, which bears date before the institution of the present suit, which is evidently a feigned one. The object of the parties appears to be to ascertain whether the defendants were entitled to retain nine hundred dollars from the payment which they have made. This ought to have been done by a direct action of the insurance company, to recover back what they conceive ought not to have been paid. Courts sit to administer justice in actual cases, and not to act on feigned ones even with the consent of the parties, when they imagine that justice is to be more easily obtained by a simulated, than by a real case.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed; and that the plaintiffs' suit be dismissed with costs in both courts.